## PENGILLY v. COPELAND.
### Patent Appeal No. 2307.

Court of Customs and Patent Appeals.
May 26, 1930.

Percy S. Webster, of Stockton, Cal. (Chas. E. Riordon, C. Russell Riordon, and Edgar J. Clarkson, all of Washington, D. C., of counsel), for appellant.

Harry F. Riley, of Washington, D. C., and Dewey, Strong, Townsend & Loftus, of San Francisco, Cal., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Patent Appeals affirming the decision of the Examiner of Interferences awarding priority to Copeland in the alleged invention of a cigarette lighter and dispenser, for use principally in automobiles.

In his preliminary statement Pengilly claims conception on or about August 1,

1922; drawings on or about July 1, 1925; first written description on or about July 1, 1925; explanation to others on or about August 15, 1922; and construction and operation of a full-sized device on or about August 15, 1922, in Stockton, Cal.

His application for patent was filed July 11, 1925.

Copeland claims conception on or about January 15, 1920; first drawings on or about January 15, 1920; construction of a model on or about February 28, 1920; written description on or about February 28, 1920; explanation of invention to others on or about February 15, 1920; completion of a full-sized device about March 15, 1920; and operation thereof March 16, 1920, in San Francisco, Cal.; that a second device was made in April, 1920, and that additional models were made up and manufactured during 1920, 1921, and 1922.

His application for patent was filed November 12, 1923.

■ Copeland being the senior party, the burden of proof rests upon Pengilly.

The issue is comprised in ten counts, all relating to a device, which is described quite fully in the following excerpt from the Board of Appeals:

"A cylindrical member having a cigarette receiving groove extending longitudinally of its periphery is mounted for rotation in the bottom of the container. When rotated, it feeds a cigarette into a cradle beneath the container where it is alined between a suction device and an ignition device. Relative movement of these devices causes them to engage the opposite ends of the cigarette. At the same time, the ignition circuit is closed and a valve in the suction line is opened so that the draft established causes heat to be drawn from the ignition device into the cigarette and light the same. The characteristic feature of the counts resides in the provision of a single manually operated member which when operated causes both the dispensing and lighting operations."

The Examiner of Interferences held that counts 7, 8, 9, and 10 were not readable upon the Pengilly structure. The Board of Appeals modified this holding, to the extent of finding that Nos. 9 and 10 were so readable, and held Pengilly to have proved conception and reduction to practice as early as September 11, 1923, upon all the counts except Nos. 7 and 10.

The Examiner held that Copeland had proved conception and reduction to practice as early as April 3, 1921. The Board of Appeals said:

"* * * Copeland has established an actual reduction to practice as to all the counts prior to any date that can be accorded Pengilly."

Numerous allegations of error are assigned by appellant, and discussed in the brief filed in his behalf, all of which we have carefully studied and considered.

We agree with the Board that there is no evidence to sustain the contention that Copeland should be held to have suppressed or concealed the invention under the doctrine of Mason v. Hepburn, 1898 C. D. 510, 84 O. G. 147.

■ The determination of the issue, therefore, turns upon the testimony of the witnesses, and the question presented is purely one of fact. It is the settled rule that this court will not reverse concurring findings of the Patent Office tribunals, except where the court can say the decisions are manifestly wrong. Stern & Heuther v. Schroeder & Wagner (Cust. & Pat. App.) 36 F.(2d) 515; Id., (Cust. & Pat. App.) 36 F.(2d) 518, and cases therein cited. This follows a long line of decisions of the Court of Appeals of the District of Columbia. Steubing v. Hennessy, 50 App. D. C. 203, 269 F. 719, and cases therein cited.

There is no contention on the part of appellant that the dates accorded him for conception and reduction to practice are erroneous, but his counsel severely attacks the testimony upon which priority was accorded to Copeland. This testimony consisted of that of Copeland himself, his mother, sister, and a young lady friend, together with that of C. A. Marwedel, relative to the purchase from the latter of a small set of helical gears which Copeland says he at one time contemplated using in his device.

Each of these witnesses was subjected to a most thorough and searching cross-examination at the hands of Pengilly's attorney. Under this severe cross-examination the attorney succeeded in developing some confusion as to dates and the years in which certain events or episodes occurred, and as to these it is evident that there is a lack of complete harmony in the evidence. These discrepancies are strongly emphasized in appellant's brief, and there are certain conflicts that are difficult of reconciliation. But it does not appear to us that these discrepancies are upon points so material and vital as to justify the rejection of that which

bears directly upon the essential point of the actual use which constituted the reduction to practice, and the approximate times at which the workings of the device were had.

To reverse the findings of the Board, we should have to hold that the tribunals of the Patent Office were in error in not rejecting practically all of the material testimony presented on behalf of Copeland. We should not feel justified in so doing.

The Examiner of Interferences in his decision reviewed the testimony very carefully and in great detail. We do not feel that in any substantial respect he failed in correctly interpreting it. It is not deemed necessary to here make an additional review upon these questions of fact.

The decision of the Board is affirmed.

Affirmed.